## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PARADIGM SRP, LLC D/B/A DRIVETANKS.COM, | : : : | Civil No. 1:24-CV-00612 |
| Plaintiff, | : : | |
| v. | : : | |
| DONALD MCLEAN, *et al.*, | : : | |
| Defendants. | : | Judge Jennifer P. Wilson |

### <u>MEMORANDUM</u>

Before the court is the motion to dismiss for failure to state a claim filed by Defendants Donald McLean; DM Innovations, LLC; Thunder Pumpkin Imports, LLC d/b/a TP Imports, LLC; TWWM, LLC, d/b/a Thunder Pumpkin Imports; and TWW Imports, LCC d/b/a Thunder Pumpkin Imports (collectively "Defendants"). (Doc. 10.)  Defendants argue that the instant case has been filed outside the appropriate statute of limitations, and thus, should be dismissed with prejudice. (*Id.*)  For the reasons that follow, the motion will be granted.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff "operates a military museum and is the world's premier historical military and vehicle experience." (Doc. 10, p. 1.)[1]  In its complaint Plaintiff Paradigm SRP, LCC d/b/a DriveTanks.com ("Plaintiff") alleges that, in the summer of 2016, it contracted with Defendants for the purchase of a "Leopard 1A5

---

[1] For ease of reference, the court uses the page number contained in the CM/ECF header.

tank which has a rare intact and operable live gun" for $140,000.  (Doc. 1, ¶¶ 11, 15, 23.)  Plaintiff was located in Texas and Defendant Donald McLean ("McLean") represented to Plaintiff that the tank was in Europe.  (*Id.* ¶ 17.) McLean also represented to Plaintiff that he had sufficient experience in the "military gun industry" to facilitate the transaction, including that he was a licensed broker.  (*Id.* ¶¶ 12, 16, 17.)  Throughout the fall of 2016, McLean sent three invoices to Plaintiff for various charges.  (*Id.* ¶¶ 22–34.)  In total, Plaintiff paid McLean $149,500.  (*Id.* ¶ 35.)  After receiving full payment, McLean told Plaintiff that "the Tank was being held in Poland and could not be shipped to the United States."  (*Id.* ¶ 36.)  Ultimately, Plaintiff has been unable to obtain the tank. (*Id.* ¶ 39.)  Despite demands to do so, McLean has not returned the money Plaintiff paid him.  (*Id.* ¶ 42.)  Plaintiff brings one count of breach of contract, one count of unjust enrichment, and one count of fraud.  (*Id.* ¶¶ 70–96.)

On February 3, 2020, Plaintiff filed a complaint regarding this cause of action in the District Court for the 38th Judicial District in Uvalde County, Texas. (*Id.* ¶ 47.)  Ultimately, after litigation in both Texas state and federal courts, the Texas lawsuit was dismissed without prejudice, on February 12, 2024, because the Texas state court lacked personal jurisdiction over Defendants.  (*Id.* ¶ 49; Docs. 15-7, 15-8.)

On April 9, 2024, Plaintiff filed the instant complaint in this court.  On May 9, 2024, Defendants filed a motion to dismiss for failure to state a claim, and a brief in support on May 20, 2024.  (Docs. 10, 14.)  Plaintiff filed a Brief in opposition on June 3, 2024.  (Doc. 15.)  Defendants filed a reply brief on June 17, 2024.  (Doc. 19).  Plaintiff filed a surreply with the court's permission on July 15, 2024.  (Doc. 23.)  Accordingly, the motion is ripe and ready for review.

## JURISDICTION AND VENUE

This court has jurisdiction under 28 U.S.C. § 1332 because the parties have complete diversity and the amount in controversy exceeds $75,000.[2]  Venue is appropriate pursuant to 28 U.S.C. § 1391(b)(1) because all Defendants reside within the Middle District.

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the

---

[2] Plaintiff is a Texas LCC, its principal place of business is in Texas, and no member is a citizen of Pennsylvania.  (Doc. 1, ¶ 1.)  Defendant Donald McLean resides in Carlisle, Pennsylvania; Defendant DM Innovations, LLC is a Pennsylvania LLC with its principal place of business in Carlisle, Pennsylvania; Defendant Thunder Pumpkin Imports, LLC is a Pennsylvania LLC with its principal place of business in New Cumberland, Pennsylvania; Defendant TWWM, LLC is a Pennsylvania LLC with a registered office in Wormleysburg, Pennsylvania; and Defendant TWWM Imports, LLC is a Pennsylvania LLC with a registered office in Wormleysburg, Pennsylvania.  (*Id.* ¶¶ 2–6.)

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Additionally, Third Circuit precedent allows a defendant to raise a statute of limitations defense in a 12(b)(6) motion if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d. Cir. 2002.)

DISCUSSION

## A. Parties' Arguments

Defendants argue that Pennsylvania statute of limitations law applies to these claims, and under Pennsylvania law, the instant complaint is untimely. Defendants begin with the relevant statutes of limitations in Pennsylvania, which are: four years after the claim accrued for the breach of contract and unjust

4

enrichment claims, and two years after the claim accrued for the fraud claim. (Doc. 14, p. 5) (citing 42 PA. CON. STAT. ANN. §§ 5525(a); 5525(7)). Defendants also discuss Pennsylvania's "savings statute," which provides:

> If a civil action or proceeding is timely commenced and is terminated, a party, or his successor in interest, may, notwithstanding any other provision of this subchapter, commence a new action or proceeding upon the same cause of action within one year after the termination and any other party may interpose any defense or claim which might have been interposed in the original action or proceeding.

42 PA. CON. STAT. ANN. § 5535(a)(1).[3] Defendants note that Pennsylvania state and federal courts have held that this provision does not apply to causes of action commenced outside of Pennsylvania. (Doc. 14, p. 6.) (citing *Jewelcor, Inc. v. Karfunkel*, 517 F.3d 672, 674 (3d Cir. 2008)). On this basis, Defendants conclude that the savings statute does not "save" the instant complaint because the prior action was first filed in Texas. (*Id.* at 7.)

Defendants contend that the cause of action accrued on May 19, 2019, which is the date when Plaintiff sent a written demand to Defendants. (*Id.* at 7.) Since the savings statute does not apply, the statute of limitations for the contract and unjust enrichment claim expired on May 19, 2023, and the statute of limitations for the fraud claim expired on May 19, 2021. (*Id.*) Thus, the instant complaint, filed

---

[3] Subsection (2) provides exceptions to the general rule quoted above, such as subsection (1) does not apply to personal injury, wrongful death, unlawful violence or negligence claims, as well as actions "terminated by a voluntary nonsuit, a discontinuance, a dismissal for neglect to prosecute the action or proceeding, or a final judgment on the merits." 42 PA. CON. STAT. ANN. §§ 5535(a)(2).

on April 9, 2024, is clearly outside the statute of limitations and should be dismissed with prejudice.  (*Id.* at 9.)

Plaintiff, on the other hand, begins with the Pennsylvania "borrowing statute," which provides that "[t]he period of limitation applicable to a claim accruing outside this Commonwealth shall be either that provided or prescribed by the law of the place where the claim accrued or by the law of this Commonwealth, whichever first bars the claim."  42 PA. CONS. STAT. ANN. § 5521.  Plaintiff contends that the claims here accrued in Texas, and thus, the court must compare Texas' statute of limitations and Pennsylvania's statute of limitations.  (Doc. 15, p. 6.)

Plaintiff looks first to the statute of limitations for a breach of contract action, which is four years in Texas and in Pennsylvania.  (*Id.*)  Then, Plaintiff turns to the savings statute of each state.  Pennsylvania's savings statute gives a party one year to re-file its cause of action if the cause of action was dismissed, while Texas' savings statute gives a party "sixty days following the dismissal of an action for lack of personal jurisdiction."  (*Id.* at 7.)  Plaintiff argues that because Texas' savings statute gives a shorter time period for a party to bring their claim, it should apply under Pennsylvania's borrowing statute.  (*Id.*)  Therefore, Plaintiff concludes, the instant cause of action is timely because it was filed within sixty days of the Texas court dismissing the Texas claim.  (*Id.* at 12.)

Turning next to the unjust enrichment claim, Plaintiff contends that Texas law should govern this claim because Texas' statute of limitations for an unjust enrichment claim is two years, as opposed to Pennsylvania's four-year statute of limitation.  (*Id.*)  Lastly, turning to the fraud claim, Plaintiff argues that Pennsylvania's statute of limitations applies to the fraud claim because Pennsylvania's statute of limitations for fraud is two years as opposed to Texas' four-year statute of limitations.  (*Id.* at 8.)

Although conceding that the Pennsylvania statute of limitations governs this claim, Plaintiff contests Defendants' argument that Pennsylvania's savings statute does not apply to causes of action filed outside the state of Pennsylvania.  (*Id.* at 13.)  Plaintiff begins by noting the plain text of the statute does not "limit its application to actions that were originally commenced with the [C]ommonwealth." (*Id.*)

Plaintiff also distinguishes the case that Defendants rely on, *Jewelcor*, 517 F.3d at 672, in multiple ways.  First, Plaintiff argues that *Jewelcor* is limited to its facts and the holding that "the Pennsylvania savings statute did not apply because the savings statute cannot preserve a claim in state court when it was originally filed in federal court" should be construed narrowly.  (*Id.* at 14.)  Second, Plaintiff also notes that the cases that *Jewelcor* relied on in reaching its conclusion were decided before the current savings statute was enacted by the General Assembly.

(*Id.*)  Finally, Plaintiff argues that Defendants have "failed to cite to any case in which a court has held that plaintiff's claims are time barred because the Pennsylvania statue does not apply to a foreign filed claim that is re-filed in federal court in Pennsylvania."  (*Id.* at 15.)

In reply, Defendants argue that Pennsylvania's "borrowing statute applies only when the foreign state's statute of limitations is *shorter* than Pennsylvania's." (Doc. 19, p. 3) (citing *Kornfeind v. New Werner Holding Co.*, 280 A.3d 918, 927 (Pa. 2022)).  Defendants also point out that "[t]he primary effect of borrowing statutes is to prevent a plaintiff from *gaining more time to bring an action* merely by suing in a forum other than the forum where the cause of action accrued." (*Id.* at 4) (quoting *Stephens v. Clash*, 796 F.3d 281, 291 (3d Cir. 2015) (emphasis added)). Defendants also contest whether "comparing states' statutes of limitations includes incorporating savings statutes."  (*Id.* at 5.)  Finally, Defendants stand by their contention that Pennsylvania's savings statute does not apply to actions commenced outside of Pennsylvania.  (*Id.* at 6.)

In its surreply, Plaintiff defends the use of Pennsylvania's borrowing statute and the application of Texas' statute of limitations and Texas' savings statute. (Doc. 23, pp. 2–4.)  Plaintiff argues that application of Pennsylvania's borrowing statute to apply Texas law "will not result in Paradigm obtaining greater rights in Pennsylvania than it possessed in Texas."  (*Id.* at 5.)  Finally, Plaintiff argues

against applying *Jewelcor* to this case and contends that "[t]here is no case from the appellate courts of Pennsylvania that address[es] . . . Pennsylvania's Savings Statute and whether it tolls the statute of limitations for a case that was first filed in state court in a foreign jurisdiction and dismissed for lack of personal jurisdiction." (*Id.* at 8.)

### B. Pennsylvania Statute of Limitations

The parties agree that Pennsylvania law governs the initial determination of which states' statute of limitations should apply because the court is sitting in diversity, and the forum state's choice of law rules apply. (Doc. 14, p. 5; Doc. 15, p. 4); *see also Ross v. Johns-Manville Corp.*, 766 F.2d 823, 826 (3d Cir. 1985). Pennsylvania courts apply Pennsylvania's statute of limitations, unless the borrowing statute applies. *Ross*, 766 F.2d at 826 n.3.

The Pennsylvania borrowing statute provides that "[t]he period of limitation applicable to a claim accruing outside this Commonwealth shall be either that provided or prescribed by the law of the place where the claim accrued or by the law of this Commonwealth, whichever first bars the claim." 42 PA. CON. STAT. ANN. § 5521(b). Plaintiff argues the claims here accrued in Texas, and Defendants do not contest where the claims accrued. Rather, Defendants contest whether Texas' or Pennsylvania's statute of limitations first bars the claim. Because it is not contested where the claims accrued, the court will assume without deciding

that the claims accrued in Texas.  Thus, the next step is to determine which statute of limitations first bars the claims.  The court will start with Pennsylvania's statute of limitations.

The statute of limitations in Pennsylvania for a breach of contract claim and unjust enrichment claim is four years after the claim accrues.  42 PA. CON. STAT. ANN. § 5525(a).[4]  The statute of limitations for a fraud claim is two years after the claim accrues.  42 PA. CON. STAT. ANN. § 5524(7). The parties agree that the claims at issue here accrued in May 2019.  Thus, for this action to be timely under Pennsylvania law, the breach of contract and unjust enrichment claims must have been filed by May 2023, and the fraud claim must have been filed by May 2021. This action, filed in April 2024, is clearly untimely and would be barred by Pennsylvania law, unless the Pennsylvania savings statute applies.  Pennsylvania's savings statute provides:

> If a civil action or proceeding is timely commenced and is terminated, a party, or his successor in interest, may, notwithstanding any other provision of this subchapter, commence a new action or proceeding upon the same cause of action within one year after the termination and any other party may interpose any defense or claim which might have been interposed in the original action or proceeding.

42 PA. CONN. STAT. ANN. § 5535(a)(1).

---

[4] An unjust enrichment claim is a type of breach of contract claim and is subject to the same statute of limitations. *See Sevast v. Kakouras*, 915 A.2d 1147, 1153 n.7 (Pa. 2007).

As Plaintiff points out, the plain language of this statute does not exclude applying the savings statute to claims first filed in another state's court. However, Defendants have pointed to a body of case law in the Third Circuit and Pennsylvania courts in support of their argument that causes of action filed in a state other than Pennsylvania would not be "saved" by this clause.

Prior to the passage of the savings statute, the Pennsylvania Superior Court had addressed the issue of "whether the commencement of an action in federal court tolls the running of the statute of limitations against an action in state court." *Royal-Globe Ins. Companies v. Hauck Mfg. Co.*, 335 A.2d 460, 462 (Pa. Super. 1975). In *Royal-Globe*, the Superior Court reasoned that an "action in federal court does not toll the statute as to [an] action in state court." *Id.* In reaching this conclusion, the Superior Court reasoned that:

> An action in state court does not toll the running of the statute of limitations against subsequent action in federal court. And, similarly, an action in one state does not toll the running of the statute of limitations against action in another state. Therefore it would be inconsistent and unreasonable to toll the running of the statute of limitations against a cause of action in state court on the basis of an action in federal court.

*Id.* (citations omitted).

As Plaintiff notes, this case was decided prior to the passage of the current Pennsylvania savings statute. However, since the passage of the current savings statute, Pennsylvania courts have continued to rely on the *Royal-Globe* reasoning

11

to exclude certain causes of action from being saved by the Pennsylvania savings statute.  For example, after the passage of the current version of Pennsylvania's savings statute, the Commonwealth Court of Pennsylvania held that a federal suit did not toll the statute of limitations for a later filed suit in state court relying on *Royal-Globe* and declining an invitation by plaintiff to distinguish *Royal-Globe*. *Skehan v. Bloomsburg State College*, 503 A.2d 1000, 1005 (Pa. Commw. Ct. 1986).  The Commonwealth Court again affirmed the reasoning of *Royal-Globe* after the passage of § 5535 and held that the filing of a federal cause of action did not toll the running of the statute of limitations for a later filed state cause of action.  *Maxwell Downs, Inc. v. City of Phila.*, 638 A.2d 473, 476 (Pa. Commw. Ct. 1994).  While these cases are not identical to the factual situation of this case, it is persuasive evidence that the Pennsylvania courts still adhere to the tenants of *Royal-Globe* post-passage of § 5535.

Additionally, the Pennsylvania Superior Court relied on the principle that "the filing of an action in state court [does not] toll the statute of limitation against a subsequent action filed in federal court" in reaching the conclusion that "the filing of a class action in another state does not toll the statute of limitations as to a subsequent action filed in Pennsylvania's state court system." *Ravitch v. Pricewaterhouse*, 793 A.2d 939, 942, 945 (Pa. Super. 2002), *appeal denied*, 818 A.2d 505 (2003).  Again, while *Ravitch* dealt with class actions, it is further

support for the proposition that the savings statute does not apply to claims initially
filed in another state's court.

Moreover, in the absence of Pennsylvania Supreme Court precedent on this
topic, the Third Circuit has predicted that Pennsylvania courts would adhere to the
principle that the Pennsylvania savings statute only applies to actions within the
Pennsylvania state court system.  In *Jewelcor Inc. v. Karfunkel*, 517 F.3d 672, 674
(3d Cir. 2008), plaintiff initially filed claims in United States bankruptcy court,
which were ultimately dismissed for lack of jurisdiction.  *Id.*  Plaintiff then filed a
complaint in the district court, and defendant moved to dismiss the complaint as
time-barred by the statute of limitations.  *Id.*  The Third Circuit, in applying
Pennsylvania's statute of limitations law and the Pennsylvania savings statute, held
that the plaintiff's claims were time-barred because "§ 5535(a) does not preserve
time-barred claims in a Pennsylvania state court if they were first commenced in a
federal court."  *Id.* at 675.  In reaching this conclusion, *Jewelcor* relied on the
assertion in *Royal-Globe* that "an action in one state does not toll the running of the
statute in another state."  *Id.* (quoting *Royal-Globe Ins. Co.*, 355 A.2d at 462).  The
Third Circuit also noted that the holding of *Royal-Globe* trumped § 5535.  *Id.*

This court has also identified three district court cases in which the court
held that the savings statute did not apply to a cause of action initially filed in
another state.  *See Ecore Int'l, Inc. v. Downey*, 343 F. Supp. 3d 459, 494 n.41 (E.D.

Pa. 2018) (finding that filing of proceedings in Ontario did not toll the statute of limitations because "Pennsylvania does not recognize 'cross-jurisdictional tolling); *LabMD, Inc. v. Tiversa Holding Corp.*, No. 2:15-cv-92, 2016 WL 693014 at *2 (W.D. Pa. Feb. 22, 2016) (on motion for reconsideration, the court held that Pennsylvania savings statute did not apply to an action first filed in Georgia); *Gordon and Breach Science Publishers, Inc. v. Taylor & Francis, Ltd.*, Civ. A. No. 89-3904, 1989 WL 119676, at * 2 (E.D. Pa. Oct. 11, 1989) (holding that action was untimely because prior New York filing did not toll the statute of limitations.) Accordingly, while the language of the statute itself does not exclude foreign-filed causes of action, there is a sufficient body of case law to support Defendants' interpretation.

Plaintiff raises various arguments as to the persuasiveness of this case law, including distinguishing the rationale and facts of *Jewelcor* and pointing to a lack of case law on the topic.  (Doc. 15, pp. 13–16.)  Plaintiff would like the court to hold *Jewelcor* to its exact facts, that "the savings statute cannot preserve a claim in state court when it was originally filed in federal court[,]" and recognize that the rationale behind the decision "was to establish uniformity as they did not want to preserve a claim in federal court that would not exist in state court."  (*Id.* at 14.) However, as explained above and without any binding authority supporting Plaintiff's position, the court is bound to follow Third Circuit precedent and

14

Pennsylvania precedent and find that the savings statute does not apply to Plaintiff's cause of action in this case because it was first filed in Texas. Thus, for this action to be timely under Pennsylvania law, the breach of contract and unjust enrichment claims must have been filed by May 2023 and a fraud claim must have been filed by May 2021.

### C. Consideration of the Texas Statute of Limitations

Because Plaintiff contends that the Pennsylvania borrowing statute operates such that the court should apply Texas law to the breach of contract and unjust enrichment claims, the court will briefly discuss the Texas statute of limitations.

The statute of limitations in Texas for a breach of contract claim is four years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.051. The statute of limitations in Texas for an unjust enrichment claim is two years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.051.[5] The statute of limitations in Texas for a fraud claim is four years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a). Under Texas law, as under Pennsylvania law, the instant cause of action before this court, filed on April 9, 2024, is untimely because it was filed almost approximately four years and eleven months after the claim accrued.

---

[5] "Unjust enrichment claims are governed by the two-year statute of limitations in § 16.003 of the Civil Practice and Remedies Code." *Elledge v. Friberg-Cooper Water Supply Corp.*, 240 S.W.3d 869, 871 (Texas 2007).

However, Plaintiff argues that the court should also consider Texas' savings statute when determining which statute of limitations would first bar the claim.[6] Texas' "savings statute" provides as follows:

> The period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if:
>
> (1) because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding; and
>
> (2) not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction.

*Id.* § 16.064(a).  Plaintiff's Texas claim was dismissed on February 12, 2024, for lack of personal jurisdiction over Defendants.  (Doc. 15-8, p. 2.)  Thus, under the Texas savings statute, Plaintiff had sixty days to refile in "a court of proper jurisdiction."  Thus, under Texas law, Plaintiff's claims were not barred until April 12, 2024.

### D. Analysis

Pennsylvania's borrowing statute, "[b]y its terms . . . applies only where (1) the cause of action accrued in another state, and (2) the law of that state would bar

---

[6] Defendants argue that the borrowing statute does not incorporate "tolling provisions" such as the savings statute.  (Doc. 19, p. 5.)  The court has found some support for looking at a state's tolling provisions when applying the borrowing statute.  *Frankentek Residential Sys. LLC v. Buerger*, 15 F.Supp.3d 574, 580–81 (E.D. Pa. 2014).  However, because the court finds that, even if the Texas saving statute applies, Pennsylvania law first bars the instant claim, the court will not decide this issue but will assume the Texas savings clause applies.

the action before the running of the Pennsylvania statute of limitations." *Ross v. Johns-Manville Corp.*, 766 F.2d 823, 828 (3d Cir. 1985).  It is undisputed that Plaintiff's claims accrued in Texas.  However, as explained above, the law of Texas did not bar the instant claim until April 2024, while the Pennsylvania statute of limitations barred the breach of contract and unjust enrichment claims in May 2023 and the fraud claim in May 2021.  Because the Pennsylvania statute of limitations first barred the claim, the Pennsylvania borrowing statute would not borrow Texas law.  Accordingly, the instant case is barred by Pennsylvania statute of limitations.  Therefore, the court will grant the motion to dismiss, and dismiss the complaint with prejudice.

## CONCLUSION

Pennsylvania's statute of limitations operates to time bar the causes of action in the complaint.  Therefore, the court will grant the motion to dismiss and dismiss the complaint with prejudice.  An order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: September 19, 2024